UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-mj-1024 (MJD)

_____

United States of America,

       Plaintiff,

v.

Abdullahi Yusuf,

       Defendant.

**MEMORANDUM AND MOTION TO UPHOLD THE MAGISTRATE JUDGE'S ORDER TO RELEASE DEFENDANT**

The above-named Defendant, by and through his attorney, respectfully moves this Court for an order to continue Magistrate Judge Janie S. Mayeron's Order to Release Defendant.

Pursuant to 18 U.S.C. section 3142 (d)(2), a defendant may be detained pending trial if the "person may flee or pose a danger to any other person or the community." In this case, Abdullahi Yusuf is neither a flight risk nor a danger to another person or the community.

1. **Mr. Yusuf is not a flight risk**

Mr. Yusuf was arrested and detained on November 24, 2014. Previously, Mr. Yusuf had been stopped by the FBI at the airport on May 28, 2014 after which he was told he could not board a plane to Turkey and he was released with his passport. For the past six months, Mr. Yusuf had unfettered access to his valid United States passport and never made any attempt to leave the country or even the state of Minnesota. He received a Target Letter from the U.S. Attorney in June of 2014 and sought the advice of a lawyer who informed him he could be charged with a very serious crime and that he was

1

possibly facing many years in Federal Prison, yet Mr. Yusuf did not attempt to leave the country or even the state.  At any point over the past six months, he could have crossed the border into Canada or Mexico and disappeared, but he did not ever attempt to leave.

Moreover, there are now two safeguards in place that did not exist for the past six months:  Mr. Yusuf voluntarily surrendered his passport to his Pretrial Services Officer, and he is wearing an electronic monitoring device.  If he chose to cut it off or simply flee with it on, he would be caught long before he could leave the United States.  More importantly, knowing full well that this Court has to power to place him in custody, he will be present at the hearing on December 3, 2014 at 3:00 p.m.  If he had any plans of escaping, now would have been the time to do it.

Mr. Yusuf is not an escape risk.  He has had every opportunity over the past six months to escape from federal prosecution, and he has not done so.  There is no reason to believe he is a greater escape risk today than he was eight days ago or for the past six months.  He should not be detained.

**2. Mr. Yusuf is not a danger to another person or the community**

Mr. Yusuf's preliminary and detention hearings were held on November 25, 2014 before Magistrate Judge Janie S. Mayeron.  During that hearing it became clear that the evidence supporting the government's claim is tenuous at best.  Moreover the following exculpatory evidence was revealed through cross-examination of the FBI agent:

1) Although some of Mr. Yusuf's friends may have ties to radical groups in Syria, there is no evidence Mr. Yusuf himself has any ties or allegiance to a radical or terrorist organization; there is no evidence Mr. Yusuf was traveling to Syria; and there is no evidence Mr. Yusuf holds any views which are in keeping with terrorist

2

opinions.

2) Mr. Yusuf expressed anger toward the president of Syria in the Spring of 2014, but at that time the majority of the world was at odds with the president of Syria and there were many legitimate groups actively fighting to defeat him for his multiple atrocities against his own people.

3) Mr. Yusuf ordered and picked up his passport two weeks before the United States declared ISIL a terrorist group.   Mr. Yusuf went to the airport less than two weeks later.   Even if the government could prove he had any ties to ISIL, which at this point it cannot, ISIL had only been a "terrorist" organization for 13 days at the time Mr. Yusuf went to the airport.

4) The atrocities performed by ISIL did not begin until June, 2014, long after Mr. Yusuf had been stopped at the airport.   President Obama did not begin to pursue actions against ISIL until mid-June, 2014, and the beheadings did not occur until August.   Even if Mr. Yusuf had ties to ISIL, which he did not, they had performed no atrocities at the time he was stopped at the airport.

5) Since May 28, 2014, Mr. Yusuf has led a quiet, law-abiding life as a student and employee.   He has made no contact with anyone in ISIL or any other terrorist group, he has never shown allegiance to any terrorist organizations or persons associated with those groups, he has expressed no radical beliefs or opinions, and he has hurt no-one.   He is not a danger to anyone, and he is certainly no more of a danger today than he was for the past six months.

**3. <u>The government's arguments</u>**

At this point the government has no new evidence and nothing has changed since

May 28, 2014 and yet it is claiming Mr. Yusuf is now a flight risk and a danger to the community.   There is no explanation in the government's moving papers about how the past eight days have changed Mr. Yusuf into a flight risk and a danger to the community.   He is still facing the same amount of time in prison he thought he was facing in June of 2014.

The government gives three reasons Mr. Yusuf must be detained for "exigent reasons:"

First, it states Mr. Yusuf if charged with a federal charge of terrorism.   There is no explanation about why the charge itself changes his detention status.   Again, he knew what he was facing for the past six months and just because the charges are now in black and white does not change his risk of flight or danger.

Second, the government states Mr. Yusuf "eluded" his parents to "travel to Syria and fight with ISIL."   There is simply no evidence to prove that Mr. Yusuf was going to Syria or going to fight with ISIL.   Moreover, it is important to note that Mr. Yusuf did not "elude" his parents; he simply did not tell them where he was going.   There are numerous reasons an 18 year old man travels without telling his parents first.   That omission of information is neither illegal nor does it point to criminal intent.    He had no legal obligation to tell his parents where he was going and his parents did not have legal responsibility for him at that time.   Now that Magistrate Judge Mayeron has ordered the parents to be responsible for Mr. Yusuf, they have a legal responsibility for him, which they did not have on May 28, 2014.   They have indicated they will make sure Mr. Yusuf stays in Minnesota and they will be in court at this hearing to promise this Court to do the same.

Third, the government claims Mr. Yusuf lied to the FBI about his travel plans. First, Mr. Yusuf does not believe he lied to the FBI on May 28, 2014 when he spoke with them. Moreover, if that "lie" was the reason for detention, it does not make sense that he has been out of custody for the past six months.

## CONCLUSION

This is not an appropriate case for detention. Magistrate Judge Mayeron heard all the evidence and listened to the recommendation for release from Pretrial Services in making her decision to release Mr. Yusuf under strict conditions. In the past week, Mr. Yusuf has followed all of the conditions set forth by Magistrate Judge Mayeron and he will be in court at 3:00 on December 3, 2014 for this hearing. The government has not shown any reasons to keep Mr. Yusuf in custody that have not existed over the past six months. If anything, the flight risk is less now because Mr. Yusuf is wearing an ankle bracelet and has handed over his passport.

Abdullahi Yusuf respectfully requests this Court uphold Magistrate Judge Mayeron's Release Order and not detain him pending trial in this matter.

BRANDL LAW, LLC

Dated:  December 2, 2014          By: *s/Jean M. Brandl*
                                      Jean M. Brandl (#0387260)
                                      Attorney for Defendant
                                      310 Fourth Ave. S., Suite 5010
                                      Minneapolis, MN 55415
                                      612-206-3773
                                      Jean@BrandlLaw.com

5